[Cite as *State v. Taylor*, 2011-Ohio-1627.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DENVER TAYLOR, JR. | : | Case No. 10CA57 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common Pleas,
                                      Case No. 2009CR877H


JUDGMENT:                             Affirmed


DATE OF JUDGMENT ENTRY:               March 30, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KIRSTEN L. PSCHOLKA-GARTNER           DAVID HOMER
38 South Park Street                  13 Park Avenue West
Mansfield, OH  44902                  Suite 609
                                      Mansfield, OH  44902

*Farmer, J.*

{¶1} On December 11, 2009, the Richland County Grand Jury indicted appellant, Denver Taylor, Jr., on two counts of aggravated burglary in violation of R.C. 2911.11, three counts of kidnapping with sexual motivation specifications in violation of R.C. 2905.01 and R.C. 2941.147, one count of tampering with evidence in violation of R.C. 2921.12, one count of gross sexual imposition in violation of R.C. 2907.05, one count of theft in violation of R.C. 2913.02, one count of possessing criminal tools in violation of R.C. 2923.24, one count of aggravated robbery in violation of R.C. 2911.01, and one count of robbery in violation of R.C. 2911.02. Said charges arose from an incident wherein appellant entered the empty apartment of Rita Skulski, stole items, threatened her with a knife when she arrived, and drove her to Florida against her will.

{¶2} On April 13, 2010, appellant pled guilty to one of the aggravated burglary counts (Count I), one of the kidnapping counts (Count IV), and the aggravated robbery count (Count X). The remaining counts were dismissed. By sentencing entry filed April 23, 2010, the trial court sentenced appellant to ten years each on Counts I and 4, to be served concurrently, and five years on Count 10, to be served consecutively to the ten year sentence for a total of fifteen years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT."

I

{¶5} Appellant claims the trial court erred in giving him consecutive sentences. We disagree.

{¶6} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

{¶7} "In applying *Foster* [*State v.,* 109 Ohio St.3d 1, 2006-Ohio-856] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

{¶8} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶9} We note although in *Oregon v. Ice* (2009), 555 U.S. 160, the United States Supreme Court upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes, the Supreme Court of Ohio in *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, held the *Oregon* case did not revive the *Foster* statutes, and trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.

{¶10} Appellant pled guilty to three counts in the first degree. The admission of guilt/judgment entry filed April 14, 2010 and signed by appellant contained the following language:

{¶11} "I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made to me as part of this plea agreement except: that the State of Ohio recommends twenty (20) years in prison and the Court indicated that the defendant will be sentenced to fifteen (15) years in prison."

{¶12} During appellant's plea hearing, the trial court specifically informed appellant of his sentence as follows:

{¶13} "THE COURT: Mr. Taylor, the State of Ohio has indicated they will dismiss all but three first degree felonies. Now, that still leaves you charged with three first degree felonies. The possible penalty in those first degree felonies is 30 years. I know you talked to your attorney today or you wouldn't be here. The State has made a motion to dismiss a certain number of - - substantial number of charges for a plea to three counts of felony. I've told your attorney that your sentence will be 15 years. Has he conveyed that to you?

{¶14} "THE DEFENDANT: Yes, sir." April 13, 2010 T. at 4.

{¶15} During the sentencing hearing, the trial court further stated the following:

{¶16} "THE COURT: ***Mr. Taylor, first of all, taking into consideration that this was an agreed sentence, agreed between yourself, your attorney, and this Court, not with the prosecuting attorney, the attorney had requested a minimum 20 year sentence and was fully well prepared to try the case and get you a substantial larger period of time.

{¶17} "I'm going to sentence you on Counts 1 and 4 to ten years each count, mandatory ten years. Those two will be concurrent to each other with five years post-release control. On Count 10 I'm going to sentence you to five years. That five years will be consecutive to Counts 1 and 4, again, with five years PRC. Is there any known restitution at this time?" April 19, 2010 T. at 8-9.

{¶18} We note during the sentencing hearing, the victim and her daughter had an opportunity to speak in open court regarding the impact appellant's acts had on the victim's life. Id. at 5-8.

{¶19} The trial court categorized the sentence as an "agreed sentence." Id. at 8. Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section [appeals based on felony sentencing guidelines] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Although the trial court, appellant, and defense counsel agreed to the sentence, the prosecutor did not. Despite this disagreement, the state honored the agreement by dismissing the other counts.

{¶20} As noted supra, appellant pled guilty to three counts in the first degree. Felonies of the first degree are punishable by "three, four, five, six, seven, eight, nine, or ten years." R.C. 2929.14(A)(1). Clearly the sentences on each count were within the permissible range. Furthermore, in its sentencing entry, the trial court expressly stated that it considered the purposes and principles of sentencing under R.C. 2929 .11, as well as the seriousness and recidivism factors under R.C. 2929.12. Accordingly, the sentences are not clearly and convincingly contrary to law.

{¶21} Upon review, we find the trial court's concurrent sentences on Counts 1 and 4 to be served consecutively to Count 10 was not an abuse of discretion. Counts 1 and 4 (aggravated burglary and kidnapping) occurred on the same date and were run concurrently. Count 10 (aggravated robbery) was a theft with weapon offense and was separate and apart from the entry into the victim's home and her kidnapping to Florida. See, Supplemental Incident Report filed November 30, 2009.

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____


JUDGES


SGF/sg 316

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                      :

      Plaintiff-Appellee        :

-vs-                            :          JUDGMENT ENTRY

DENVER TAYLOR, JR.           :

      Defendant-Appellant    :          CASE NO. 10CA57

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.

                                        _s/ Sheila G. Farmer_____

                                        _s/ William B. Hoffman_____

                                        _s/ John W. Wise_____

                                            JUDGES